**Opinion filed December 31, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00300-CR
_____

## DAVID KIRBY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-44,870**

### M E M O R A N D U M   O P I N I O N

Appellant, David Kirby, pleaded guilty to the offense of attempted failure to comply with sex offender registration, a state jail felony. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement at confinement for nine months in a state jail facility. We dismiss the appeal.

This court notified Appellant by a letter dated December 14, 2015, that we had received information from the trial court that Appellant waived his right of appeal in this cause. The trial court certified that Appellant waived his right of

appeal. *See* TEX. R. APP. P. 25.2. The trial court's certification was signed by Appellant, his trial attorney, and the judge of the trial court. We requested that Appellant respond and show grounds to continue the appeal. Appellant's attorney on appeal has filed a response in which he states that he was not the attorney at trial but that Appellant may have entered into a conditional plea or reserved the right to appeal an adverse ruling on a motion to dismiss. A review of the documents on file in this court reflect otherwise.

Rule 25.2(d) provides that an appeal must be dismissed absent a certification that shows that the defendant has a right of appeal. TEX. R. APP. P. 25.2(d). The trial court certified that Appellant waived the right of appeal. Documents on file in this court reflect that Appellant waived various rights, including his right of appeal. These waivers were signed by Appellant, his trial attorney, and the trial judge. Among the waivers was a "**WAIVER OF RIGHT TO APPEAL**" in which Appellant affirmatively, "voluntarily, knowingly and intelligently WAIVE[D] [HIS] RIGHT TO APPEAL." Appellant's waiver of his right to appeal expressly included "matters raised by written motion filed prior to trial." The documents on file in this case support the trial court's certification and show that Appellant waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

December 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2